NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**FLORDELIZA A. HAWKINS,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2018-2210

_____

Appeal from the United States Court of Federal Claims in No. 1:18-cv-00078-VJW, Judge Victor J. Wolski.

_____

Decided: January 11, 2019

_____

FLORDELIZA A. HAWKINS, Oxnard, CA, pro se.

WILLIAM B. LAZARUS, Environment and Natural Resources Division, United States Department of Justice, Washington, DC, for defendant-appellee.

_____

Before LOURIE, MOORE, and WALLACH, *Circuit Judges.*

PER CURIAM.

Flordeliza A. Hawkins appeals from a decision of the U.S. Court of Federal Claims dismissing her complaint for failure to state a claim for relief that falls within the Court of Federal Claims' jurisdiction. Because Ms. Hawkins has not identified a source of substantive law that gives her a right to money damages, we *affirm*.

## BACKGROUND

Ms. Hawkins secured a home-equity loan from Sun-Trust Bank. During closing, SunTrust allegedly used a form from the U.S. Department of Housing and Urban Development ("HUD"). In 2013, SunTrust foreclosed on her house, and she was evicted.

Ms. Hawkins filed suit, alleging that the foreclosure was a violation of her constitutional rights under various provisions, including the Fourth, Ninth, and Fourteenth Amendments, because HUD was the guarantor of her loan. The Court of Federal Claims held that it did not have jurisdiction over her constitutional claims because those provisions are not money-mandating. It determined that HUD's role in promulgating housing rules and regulations was not enough to state a valid takings claim under the Fifth Amendment. It also construed her complaint as alleging a breach-of-contract claim against HUD and held that SunTrust's use of a HUD form at closing failed to support an allegation of a contract between Ms. Hawkins and HUD. It therefore dismissed for lack of jurisdiction.

Ms. Hawkins appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

The Tucker Act confers jurisdiction to the Court of Federal Claims over specified categories of actions brought against the United States. 28 U.S.C. § 1491(a)(1). To demonstrate jurisdiction under this statute, "a plaintiff must identify a separate source of

substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part). We review the Court of Federal Claims' dismissal for lack of jurisdiction de novo. *Samish Indian Nation v. United States*, 419 F.3d 1355, 1364 (Fed. Cir. 2005).

Ms. Hawkins argues that HUD violated her constitutional rights. She argues HUD has a duty to administer rules and regulations governing mortgages and loans, which makes HUD, not SunTrust, the primary lender of her home-equity loan, and which requires HUD to verify an eviction before it is carried out. She argues that evicting her was a violation of her rights under the Fourteenth Amendment, which would have been avoided if HUD performed its duties because HUD's role as primary lender makes the contract with SunTrust unenforceable. Though the Court of Federal Claims considered whether she alleged a proper breach-of-contract claim, she only argues on appeal that she properly alleged a violation of her constitutional rights.

Ms. Hawkins does not allege that HUD, or any part of the federal government, was directly involved in the foreclosure on her house and her subsequent eviction. Instead, she asserts on appeal that HUD failed to perform its duties, which led to a violation of her rights under the Fourteenth Amendment. We have previously held, however, that the Due Process and Equal Protection Clauses of the Fourteenth Amendment are not sources of substantive law that create the right to money damages, i.e., are not money-mandating. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Because a money-mandating source of law is required for it to exercise jurisdiction, the Court of Federal Claims properly determined that it lacked jurisdiction over Ms. Hawkins' Fourteenth Amendment claim.

CONCLUSION

We have considered Ms. Hawkins' other arguments and find them unpersuasive. For the foregoing reasons, we *affirm* the Court of Federal Claims' dismissal for lack of jurisdiction.

**AFFIRMED**

COSTS

No costs.